```
 1 | KAREN P. HEWITT
   | United States Attorney
 2 | DAVID D. LESHNER
   | Assistant U.S. Attorney
 3 | California State Bar No. 207815
   | Federal Office Building
 4 | 880 Front Street, Room 6293
   | San Diego, California 92101-8893
 5 | Telephone: (619) 557-7163
   | David.Leshner@usdoj.gov
 6 |
   | Attorneys for Plaintiff
 7 | United States of America
```

FILED
JAN 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

07CR3347-JM

| UNITED STATES OF AMERICA, | ) | Criminal Case No. ~~07CR2991-JM~~ |
|---|---|---|
| Plaintiff, | ) | DATE: January 4, 2008 |
| v. | ) | TIME: 11:00 a.m. |
| JOSE RUBEN NIETO-RESENDIZ, | ) | UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: |
| Defendant. | ) | (1) PRESERVE EVIDENCE AND COMPEL PRODUCTION OF DISCOVERY |
|  | ) | (2) GRANT LEAVE TO FILE FURTHER MOTIONS |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its response and opposition to defendant Jose Ruben Nieto-Resendiz' Motions to Preserve Evidence and Compel Production of Discovery and Grant Leave to File Further Motions. This response and opposition is based upon the files and records of this case together with the attached memorandum of points and authorities.

///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On November 1, 2007, defendant Jose Ruben Nieto-Resendiz was arraigned on a one-count Information charging him with being a deported alien found in the United States, in violation of Title 8, United States Code, Section 1326. Defendant entered a plea of not guilty.

On December 12, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with a violation of Section 1326. Defendant has not yet been arraigned on the Indictment.

## II

## STATEMENT OF FACTS

**A.   Defendant's Apprehension**

On October 1, 2007, Border Patrol Agent F. Polo was performing line watch duties in Marron Valley, an area approximately seven miles west of the Tecate, CA Port of Entry and four miles north of the International Border. At approximately 12:30 p.m., Agent Polo responded to a seismic sensor activation south of his location. Upon his arrival in the area of the sensor, Agent Polo observed Defendant and two other individuals attempting to conceal themselves in dense underbrush near a foot trail.

Agent Polo conducted field interviews of the three individuals. Defendant admitted to being a citizen of Mexico and to having illegally entered the United States through the mountains near Tecate, CA. Agent Polo placed all three individuals under arrest, and they were transported to the SR-94 Border Patrol checkpoint for processing.

At approximately 3:30 p.m. on October 1, Defendant received <u>Miranda</u> warnings and agreed to answer questions. Defendant stated that he is a citizen of Mexico and that he did not possess any documents allowing him to enter the United States. According to Defendant, he entered the United States from Mexico on September 30, 2007 by walking through the mountains west of Tecate, CA.

/ / /

/ / /

## III

## **DEFENDANT'S MOTIONS**

A. **Motion to Compel Discovery**

To date, the Government has provided Defendant with 34 pages of discovery and one DVD. The discovery produced includes the Border Patrol report of Defendant's apprehension, a summary of Defendant's post-arrest statements, Defendant's rap sheet and documents reflecting Defendant's 2006 criminal conviction and 2007 administrative removal. The DVD contains a video recording of Defendant's post-arrest statement. Counsel for the Government will coordinate with Defense counsel to schedule a viewing of Defendant's A-File. Defendant has not provided reciprocal discovery.

**1. The Defendant's Statements**

The Government recognizes its obligation under Federal Rules of Criminal Procedure 16(a)(1)(A) and 16(a)(1)(B) to provide the Defendant the substance of Defendant's oral and written statements. The Government has produced all of Defendant's written statements that are known to the undersigned Assistant U.S. Attorney at this date and all available videotapes. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or 16(a)(1)(B), such statements will be provided to Defendant. Further, the Form I-215B referenced in Defendant's motion has been produced (Bates No. 0008-9).

The Government has no objection to the preservation of handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agent must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of rough notes where the contents of the notes have been accurately reflected in a typewritten report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's handwritten notes even where there "minor discrepancies" between the notes and a report).

///

///

The Government is not required to produce rough notes pursuant to the Jencks Act because the notes do not constitute "statements" as defined by 18 U.S.C. §3500(e) unless the notes: (1) comprise both a substantially verbatim narrative of a witness' assertion; and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because they do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. See Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

### 2. Arrest Reports, Notes and Dispatch Tapes

The United States has provided Defendant with arrest reports. As noted previously, agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery. If the Government discovers additional reports or tapes that require disclosure under Rule 16(a)(1)(A) or 16(a)(1)(B), this discovery will be provided to Defendant.

### 3. Brady Material

The Government has complied with its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment and will continue to do so. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is

a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (emphasis added). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000). Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see Rector v. Johnson, 120 F.3d 551, 558 (5th Cir.1997)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the United States "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

### 4. Any Information that May Result in a Lower Sentence

The Government has provided and will continue to provide Defendant with all Brady material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to Defendant's sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

### 5. Defendant's Prior Record

The Government has already provided Defendant with a copy of his rap sheet and conviction documents in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B). To the extent that the Government determines that there are any additional documents reflecting Defendant's prior criminal record, the Government will provide those to Defendant.

### 6. Any Proposed 404(b) Evidence

Should the Government seek to introduce any similar act evidence, pursuant to Federal Rule of Evidence 404(b), it will provide Defendant with notice of its proposed use of such evidence and information about such bad acts when the Government files its Trial Memorandum.

Should the Government seek to introduce any evidence of conviction of a crime pursuant to Federal Rule of Evidence 609, it will provide Defendant with notice of its proposed use of such evidence when the Government files its Trial Memorandum.

The Government objects to providing Defendant with complete vehicle and pedestrian crossing reports from the Treasury Enforcement Communications System ("TECS"). TECS reports are not subject to Rule 16(c) because the reports are neither material to the preparation of the defense, nor intended for use by the Government as evidence during its case-in-chief. The TECS reports are not Brady material because the TECS reports do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If the Government intends to introduce TECS information at trial, discovery of the relevant TECS reports will be made at least by the time of the filing of its trial memorandum.

### 7. Evidence Seized

The Government has and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or is intended for use by the Government as evidence in its case-in-chief, or were obtained from or belong to Defendant, including photographs. The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 8. Preservation of Evidence

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules.

/ / /

/ / /

**9. Henthorn Material**

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate standard of materiality." Cadet, 727 F.2d at 1467-68. Further, if counsel for the United States is uncertain about the materiality of the information within its possession, the material will be submitted to the Court for in camera inspection and review. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

**10.    Tangible Objects**

Again, the Government has, and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or is intended for use by the Government as evidence in its case-in-chief or were obtained from or belong to Defendant, including photographs. As noted above, however, the Government need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**11.    Expert Witnesses**

The Government will disclose to Defendant the name, qualifications, and a written summary of testimony of any expert the Government intends to use during its case-in-chief pursuant to Fed. R. Evid. 702, 703, or 705.

**12.    Impeachment Evidence**

As stated previously, the United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

**13.    Evidence of Criminal Investigation of Any Government Witness**

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The

Government will, however, provide the conviction record, if any, which could be used to impeach a witness the Government intends to call in its case-in-chief. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

### 14. Evidence of Bias or Motive to Lie

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses, including material information related to bias or motive to lie. The Government is unaware of any evidence indicating that any prospective witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that any prospective witness has a motive to falsify or distort testimony. The Government will produce any evidence of bias or motive of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

### 15. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

### 16. Witness Addresses

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Busey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir. 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)).[1] Nevertheless, in its Trial Memorandum, the Government will provide Defendant with a list of all witnesses it intends to call in

---

[1] Even in a capital case, the defendant is only entitled to receive a list of witnesses three days prior to commencement of trial. 18 U.S.C. § 3432; United States v. Richter, 488 F.2d 170 (9th Cir. 1973) (holding that defendant must make an affirmative showing as to need and reasonableness of such discovery).

its case-in-chief, although delivery of such a witness list is not required. See <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

While the Government will supply a tentative witness list with its Trial Memorandum, it vigorously objects to providing home addresses. See <u>United States v. Steele</u>, 785 F.2d 743, 750 (9th Cir. 1986); <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir. 1980); <u>United States v. Conder</u>, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). A request for the home addresses and telephone numbers of Government witnesses is tantamount to a request for a witness list, and, in a non-capital case, there is no legal requirement that the Government supply defendant with a list of the witnesses it expects to call at trial. <u>United States v. Steele</u>, 785 F.2d at 750; see also <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1974)<u>, cert. denied</u>, 419 U.S. 835 (1974); <u>United States v. Glass</u>, 421 F.2d 832, 833 (9th Cir. 1969).

The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." <u>United States v. Hsin-Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502 (D. Del. 1980)). The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under <u>Brady</u>).

17. **Name of Witnesses Favorable to Defendant**

The Government will continue to comply with its obligations under <u>Brady</u> and its progeny. At the present time, the Government is not aware of any witnesses who have made an arguably favorable statement concerning Defendant or who could not identify Defendant or who were unsure of Defendant's identity or participation in the crime charged.

18. **Statements Relevant to the Defense**

The Government will comply with all of its discovery obligations. However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's

1  decision; it need only disclose information favorable to the defense that meets the appropriate standard
2  of materiality." <u>Gardner</u>, 611 F.2d at 774-775 (citation omitted).

3  **19.   Jencks Act Material**

4  The Government will comply with its obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83
5  (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and <u>Giglio v. United
6  States</u>, 405 U.S. 150 (1972). While the Government is only required to produce all Jencks Act material
7  after the witness testifies, it plans to provide most, if not all, of any Jencks Act material well in advance
8  of trial to avoid any needless delays.

9  **20.   Giglio Information**

10 The Government will comply with its obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83
11 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and <u>Giglio v. United
12 States</u>, 405 U.S. 150 (1972).

13 **21.   Agreements Between the Government and Witnesses**

14 If the Government makes or attempts to make any agreements with prospective witnesses for
15 any type of compensation for their cooperation or testimony, it will disclose this information prior to
16 trial.

17 **22.   Informants and Cooperating Witnesses**

18 This case does not involve confidential informants. However, if the Government determines
19 that there is a confidential informant whose identity is "relevant and helpful to the defense of an
20 accused, or is essential to a fair determination of a cause," it will disclose that person's identity to the
21 Court for <u>in camera</u> inspection. <u>See</u> <u>Roviaro v. United States</u>, 353 U.S. 53, 60-61 (1957); <u>United States
22 v. Ramirez-Rangel</u>, 103 F.3d 1501, 1505 (9th Cir. 1997).

23 **23.   Bias by Informants or Cooperating Witnesses**

24 As noted above, the Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide
25 material evidence that could be used to impeach Government witnesses, including material information
26 related to bias or motive to lie.

27 / / /
28 / / /

**24.  Personnel Records of Government Officers Involved in the Arrest**

The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call inspectors, officers, and special agents to testify. As previously noted, the Government will comply with United States v. Henthorn, 931 F.2d 31 (9th Cir. 1991), and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

**25.  Reports of Examinations and Tests**

The United States will comply with its obligations under Rule 16(a)(1)(F) with respect to examinations or scientific tests.

**26.  Residual Request**

The Government has complied with Defendant's residual request for prompt compliance with Defendant's discovery requests and will continue to do so.

**B.  No Opposition To Leave To File Further Motions**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion.

**IV**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny defendant's motion to compel discovery and grant both parties leave to file further motions based on newly discovered or provided evidence.

DATED: January 2, 2008.                    Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE RAMON NIETO-RESENDIZ,<br><br>    Defendant. | Case No. 07CR2991-JM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO PRESERVE EVIDENCE AND COMPEL PRODUCTION OF DISCOVERY AND GRANT LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Shaffy Moeel, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on January 2, 2008.

    /s/ David D. Leshner
    DAVID D. LESHNER