KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3347-JM |
|---|---|---|
| Plaintiff, | ) ) | DATE: May 5, 2008<br>TIME: 9:00 a.m. |
| v. | ) ) | |
| JOSE RUBEN NIETO-RESENDIZ, | ) ) | **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS IN LIMINE TO:** |
| Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **(A) ADMIT A-FILE DOCUMENTS;**<br>**(B) PROHIBIT REFERENCE TO INS RECORDKEEPING;**<br>**(C) ALLOW EVIDENCE OF 2007 REMOVAL AND PROHIBIT COLLATERAL ATTACK ON REMOVAL;**<br>**(D) ADMIT EXPERT TESTIMONY;**<br>**(E) EXCLUDE WITNESSES EXCEPT CASE AGENT; AND**<br>**(F) RENEWED MOTION FOR RECIPROCAL DISCOVERY** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its Motions in Limine.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On December 12, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with a violation of 8 U.S.C. § 1326. Defendant entered a plea of not guilty on January 4, 2008.

## II

## STATEMENT OF FACTS

**A.     Defendant's Apprehension**

On October 1, 2007, Border Patrol Agent F. Polo was performing line watch duties in Marron Valley, an area approximately seven miles west of the Tecate, CA Port of Entry and four miles north of the International Border. At approximately 12:30 p.m., Agent Polo responded to a seismic sensor activation south of his location. Upon his arrival in the area of the sensor, Agent Polo observed Defendant and two other individuals attempting to conceal themselves in dense underbrush near a foot trail.

Agent Polo conducted field interviews of the three individuals. Defendant admitted to being a citizen of Mexico and to having illegally entered the United States through the mountains near Tecate, CA. Agent Polo placed all three individuals under arrest, and they were transported to the SR-94 Border Patrol checkpoint for processing.

At approximately 3:30 p.m. on October 1, Defendant received Miranda warnings and agreed to answer questions. Defendant stated that he is a citizen of Mexico and that he did not possess any documents allowing him to enter the United States. According to Defendant, he entered the United States from Mexico on September 30, 2007 by walking through the mountains west of Tecate, CA.

**B.     Defendant's Immigration History**

Defendant is a citizen of Mexico. On July 26, 2007, Defendant was removed from the United States to Mexico pursuant to an Administrative Removal Order.

/ / /

/ / /

**C.      Defendant's Criminal History**

On October 20, 2006, Defendant was convicted in Fresno County Superior Court of a felony count of committing lewd and lascivious acts upon a child under the age of 14 years, in violation of California Penal Code § 288(a).  The Superior Court suspended imposition of judgment and sentence and placed Defendant on five years formal probation.  A condition of that probation was that Defendant serve 365 days in jail.

## III

## MOTIONS IN LIMINE

**A.      The Court Should Admit A-File Documents And Testimony**

      **1.      A-File documents are admissible as public records.**

The United States intends to offer documents maintained by the Department of Homeland Security regarding Defendant.  The agency maintains an "A-File" or "Alien-file" on Defendant, which contains documents reflecting most of Defendant's immigration encounters.  The United States moves to introduce "A-File" documents to establish Defendant's alienage, prior removal, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General.  The documents are self-authenticating public records under Fed. R. Evid. 803(8)(B).  Alternatively, the documents are business records under Fed. R. Evid. 803(6).

It is well-settled that A-File documents are admissible as public records under Rule 803(8)(B).  See United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997).  Such documents, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception."  Id. at 1318 (citation omitted) (upholding admission of warrant of deportation, warrant of arrest, deportation order and warrant of deportation).  Further, A-File documents are self-authenticating and do not require an independent foundation.  Id.  See also United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence as absence of a public record); United States v. Sotelo, 109 F.3d 1446, 1449 (9th Cir. 1997) (warrant of deportation admissible to prove alienage); United States v. Contreras, 63 F.3d 852, 857 (9th Cir. 1995) (district court properly admitted warrant of deportation

1 as public record).

**2.  A certificate of non-existence is admissible.**

The United States seeks to introduce a Certificate of Non-Existence of Record ("CNR"), prepared by an authorized official at the Department of Homeland Security certifying that there are no records in the Department's databases, files, or archives that Defendant has ever applied for, or been granted, permission to reenter the United States following his removal.  A CNR is not "testimonial" under Crawford v. Washington, 541 U.S. 36 (2004), and its admission into evidence does not violate the Confrontation Clause.  United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005).

**B.  The Court Should Prohibit Reference To INS Record Keeping.**

The United States seeks to exclude the Defendant from making reference to or eliciting testimony regarding (former) Immigration and Naturalization Services' ("INS"), now Department of Homeland Security's record keeping or access to information and records.  Specifically, the United States seeks to preclude reference to or argument that (1) INS computers are not fully interactive with other federal agencies' computers, (2) over 2 million documents filed by immigrants have been lost or forgotten, (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States or (4) the custodian of the A-File never checked with other federal agencies to inquire about documents relating to the Defendant.  Such inquiry or argument is irrelevant based upon the facts of this case as Defendant has made no proffer or offer of proof that he ever made application to seek reentry after deportation.

"When a defendant is charged under 8 U.S.C. § 1326, a district court may exclude irrelevant evidence of INS record-keeping procedures . . . A defendant who does not assert that he applied for admission to the United States may not elicit testimony about record-keeping that suggests his application materials may have been lost."  United States v. Narvaez-Gomez, 489 F.3d 970, 975 (9th Cir. 2007) (affirming exclusion of evidence of record-keeping procedures).  See also United States v. Rodriguez-Rodriguez, 393 F.3d 849, 856 (9th Cir. 2005) (same).

/ / /

/ / /

1       Under Narvaez-Gomez and Rodriguez-Rodriguez, evidence or argument pertaining to INS
2  record-keeping procedures is irrelevant and inadmissible absent evidence that Defendant in fact
3  applied for or obtained permission to enter or remain in the United States.  Such irrelevant
4  testimony, or any related statements in Defendant's opening statement or closing argument, would
5  be unfairly prejudicial to the United States and likely to cause confusion to the jury and should be
6  excluded.

**C.     The Court Should Allow Evidence of Defendant's 2007 Removal And Prohibit Collateral Attack Of The Removal.**

At trial, the United States intends to rely on Defendant's 2007 administrative removal to prove that he previously has been removed from the United States.  The lawfulness of a prior deportation or removal is not an element of the crime of illegal re-entry of an alien following deportation, exclusion or removal.  See United States v. Mendoza-Lopez, 481 U.S. 828, 834-35 (1987) ("The language of [§ 1326], however, suggests no such limitation [proof of a lawful order of deportation], stating simply that 'any alien who has been arrested and deported or excluded and deported,' 8 U. S. C. § 1326 (1), will be guilty of a felony if the alien thereafter enters, attempts to enter, or is at any time found in, the United States, 8 U. S. C. § 1326 (2).").  See also United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996) (en banc) ("the lawfulness of [a] prior deportation is not an element of the offense under § 1326" and a defendant is "not entitled to have the issue determined by a jury").

Here, Defendant did not move to challenge any his prior removal under § 1326(d).  Accordingly, evidence of that prior removal is admissible, and the Court should preclude Defendant from introducing evidence or presenting argument concerning the lawfulness of the removal.

**D.     The Court Should Admit Expert Testimony.**

At trial, the United States intends to offer testimony of its fingerprint analyst, David Beers, to identify the Defendant as the person who was previously deported in 2007.  The United States notified Defendant of its intention to use a fingerprint expert by letter dated April 15, 2008.  The United States will produce a copy of Mr. Beers's expert report as soon as it is available.

///

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. <u>United States v. Alonso</u>, 48 F.3d 1536, 1539 (9th Cir. 1995); <u>United States v. Lennick</u>, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

The Government anticipates that Mr. Beers will testify that, based upon fingerprint comparisons, Defendant was the same person removed on July 26, 2007. This testimony should be admitted under Rules 702 and 703. <u>See</u> <u>United States v. Calderon-Segura</u>, 512 F.3d 1104, 1108-10 (9th Cir. 2008) (upholding admission of expert testimony on fingerprint identification in § 1326 prosecution).

**E.     The Court Should Exclude Witnesses Except the Case Agent.**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**F.     Renewed Motion For Reciprocal Discovery.**

To date, Defendant has not produced any reciprocal discovery. The United States requests that Defendant comply with Federal Rule of Criminal Procedure Rule 16(b), as well as Rule 26.2, which requires the production of prior statements of <u>all</u> witnesses, except for those of Defendant. The Government intends to request this Court to suppress any evidence at trial which has not been timely provided to the Government.

///

# IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court grant its motions in limine.

DATED: April 21, 2008.                    Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3347-JM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JOSE RAMON NIETO-RESENDIZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Shaffy Moeel, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2008.

/s/ David D. Leshner
DAVID D. LESHNER