KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE RUBEN NIETO-RESENDIZ, <br><br> Defendant. | Criminal Case No. 07CR3347-JM <br><br> DATE: May 5, 2008 <br> TIME: 9:00 a.m. <br><br> **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE TO:** <br><br> **(A) EXCLUDE A-FILE DOCUMENTS;** <br> **(B) EXCLUDE EVIDENCE UNDER F.R.E. 404(b) and 609;** <br> **(C) ALLOW ATTORNEY-CONDUCTED VOIR DIRE;** <br> **(D) PROHIBIT REFERENCE TO DEFENDANT AS "THE ALIEN;"** <br> **(E) ORDER PRODUCTION OF GRAND JURY TRANSCRIPTS; AND** <br> **(F) PRECLUDE EXPERT TESTIMONY** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motions in Limine.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On December 12, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with a violation of 8 U.S.C. § 1326. Defendant entered a plea of not guilty on January 4, 2008.

## II

## STATEMENT OF FACTS

The United States incorporates by reference the statement of facts contained in its motions in limine filed on April 21, 2008.

## III

## MOTIONS IN LIMINE

**A.    Motion To Exclude A-File Documents**

As more fully discussed in its motions in limine, the United States intends to offer documents from the Department of Homeland Security's "A-File" that corresponds to Defendant's name in order to establish Defendant's alienage, prior removal, and that he was subsequently found in the United States without having sought or obtained authorization from the Secretary of Homeland Security. The documents are self-authenticating public records under Federal Rule of Evidence 803(8)(B) or, alternatively, business records under F.R.E. 803(6). They are admissible as evidence of alienage. United States v. Hernandez-Herrera, 273 F.3d 1213, 1218 (9th Cir. 2001) ("deportation documents are admissible to prove alienage under the public records exception to the hearsay rule"). See also United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997).

Defendant seeks to exclude the Certificate of Non-existence of record as evidence of his lack of permission to reapply for admission to the United States on the ground that it violates his Confrontation Clause rights. Defendant concedes, however, that the Ninth Circuit has rejected this argument. See United States v. Cervantes-Flores, 421 F. 3d 825, 834 (9th Cir. 2005).

The United States will redact the A-File documents to eliminate any reference to Defendant's criminal conviction. However, the United States opposes Defendant's motion to redact any

1 reference to him as an alien given that the A-File document's are admissible to prove alienage.
2 Hernandez-Herrera, 273 F.3d at 1218.

### B. Motion To Exclude Evidence Under F.R.E. 404(b) and 609.

The United States does not intend to offer evidence under Federal Rule of Evidence 404(b). Should Defendant elect to testify at trial, the United States will seek to impeach him with evidence of his 2006 felony conviction under F.R.E. 609. Defendant presumably would testify in an effort to negate an element of the charged offense. This would be important testimony and would call his credibility squarely into question. See United States v. Browne, 829 F.2d 760, 762-64 (9th Cir. 1987). Given the nature of the conviction, the United States would refer to it simply as "a felony" to eliminate any unfair prejudice to Defendant.

### C. Motion To Allow Attorney Conducted Voir Dire.

The United States does not oppose this motion.

### D. Motion To Prohibit Reference To Defendant As "The Alien."

The United States anticipates that the A-File custodian may refer to "aliens" in general terms, particularly when testifying regarding the creation, use, and purpose of an A-File. In addition, the A-File custodian may testify that an A-File was created for Defendant and that an A-File contains all relevant immigration documents pertaining to "an alien." The United States opposes Defendant's motion to the extent he seeks to exclude this type of testimony. The United States does not intend to offer any testimony in the form of legal conclusions.

### E. Motion To Produce Grand Jury Transcripts.

This motion is moot because the United States does not intend to call any witness that testified before the grand jury.

### F. Motion To Exclude Expert Testimony.

The United States provided timely notice to defense counsel of its intent to call an expert witness in fingerprint analysis. The expert's report has been produced in discovery.

The expert will testify that, based upon fingerprint comparisons, Defendant was the same person removed on July 26, 2007. This testimony is relevant, will assist the trier of fact and should be admitted under F.R.E. 702 and 703. See, e.g., United States v. Calderon-Segura, 512 F.3d 1104,

1108-10 (9th Cir. 2008) (upholding admission of expert testimony on fingerprint identification in § 1326 prosecution). A <u>Daubert</u> hearing is unnecessary given that the evidentiary reliability of fingerprint exemplars is well established. <u>Id</u>. at 1110. Further, defense counsel may examine the expert at trial concerning his qualifications and bases for his opinions, and there is no need for a separate, pretrial hearing outside the presence of the jury. <u>United States v. Alatorre</u>, 222 F.3d 1098, 1100, 1104 (9th Cir. 2000).

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court rule on Defendant's motions in limine as set forth above.

DATED: April 30, 2008.                    Respectfully submitted,

                                          Karen P. Hewitt
                                          United States Attorney

                                          s/ David D. Leshner
                                          DAVID D. LESHNER
                                          Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JOSE RAMON NIETO-RESENDIZ,<br><br>       Defendant. | Case No. 07CR3347-JM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

     I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action.  I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     Shaffy Moeel, Esq.


     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on April 30, 2008.


                        /s/ David D. Leshner
                        DAVID D. LESHNER